THOMAS L. W. SAWYIER *v.* R. B. HINSON.

**Tort—Liability for Sale of Property Taken.**
     A defendant, who disposes of property taken at his instance though not the identical property he described in his order for possession, is liable for the wrongful conversion thereof.

APPEAL FROM PULASKI CIRCUIT COURT.

June 22, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

In the year 1863 the appellant, Sawyier, then Federal provost marshal at Somerset, Ky., commissioned John Osborne "to gather up Government property and deserters," and gave him the following special order to the appellee, Mr. Bradley Hinson:

> "Let John Osborne have that horse in your possession belonging to the United States.   October 22, 1863.
> > "Thomas L. W. Sawyier,"

In the appellee's absence the order was presented to his wife, who showing the appellee's only horse to which the order could apply, Osborne, as he testified in this case, took it, and reporting to the appellant that he had the horse, the appellant without seeing it, gave it to him,·and he afterwards sold it, but that the horse was not, in fact, Government property.

This action was brought in the quarterly court of Pulaski to recover damages for the alleged capture and conversion of the horse.   Judgment was rendered for $85, and, on appeal to the

circuit court, another judgment was obtained by the appellee for $75 and all the costs in that court.

The appellant insists that he is not liable for Osborne's tortious act in taking private property when he was authorized only to take public property. But he ought not to have disposed of the horse as he did. He ought to have examined and restored it, as it had been taken through mistake, under his order. The instructions on the trial were as favorable to him as he had any right to expect. And the jury had a right to accredit the testimony of Osborne. There is, therefore, no available error in the judgment for damages. But as the appellant by his appeal from the quarterly to the circuit court, refused the damages, the appellee had no legal right to costs against him in the circuit court.

Wherefore, the judgment is reversed, and the cause remanded for another judgment on the verdict without costs in the circuit court.

*James, Owsley, VanWinkle, for appellant.*